SAWTELL *vs.* THE WESTERN & ATLANTIC RAILROAD COMPANY.

1. The homicide of a railroad passenger by means of a collision of the trains is *prima facie* felonious. For the widow of the passenger to recover damages, she must either prosecute for the felony as prescribed by section 2970 of the Code, or make it appear that there is a good excuse for her failure to prosecute. In requiring the excuse to be alleged, the Code virtually requires it to be proved also, since it is a general rule of law that all material allegations must be established by evidence. The action for causing the death of a human being is statutory, and is given on terms. The terms must be complied with. The non-residence of the widow, her poverty, and her ignorance of who the real felon is, will not avail her as an excuse, unless she has used such active diligence to ascertain the perpetrator of the crime, and to put the public justice in motion, as she reasonably might have used under all the circumstances. When she cannot afford to employ agents or attorneys, and has vainly sought the aid of friends, she should at least undertake inquiry by correspondence, and communicate to the solicitor-general of the circuit whatever relevant information she might acquire, making known to him her desire that a prosecution should be instituted, and the obstacles to her becoming more directly and efficiently engaged in promoting it. Her duty to the public should receive a fair share of her solicitude and active diligence. The court did not err in granting a new trial.

2. By the act of 1870, providing for the lease of the Western & Atlantic Railroad, the lessees, as a corporation, were made subject to suit in any county in which the road is located, though the cause of action may have accrued in another county on the line of the road.

Railroads. Torts. Jurisdiction. Venue. Before Judge McCutchen. Whitfield Superior Court. April Term, 1878.

Mrs. Sawtell brought case against the railroad company, alleging, in substance, as follows :

The Western & Atlantic Railroad Company, a body politic, and corporation of the state of Georgia, which said company was, on or about October 13th, 1876, in possession of and operating the Western & Atlantic Railroad, which runs through said county, and which company has a place

of doing business in said county, has injured and damaged petitioner in the sum of $10,000.00. For that, defendant, on or about the day and year aforesaid, did undertake for value, to safely convey upon the cars of said company Ephraim Sawtell, the husband of petitioner, from Dalton to Atlanta. By the carelessness of the agents and employees of defendant, a collision occurred on the line of said road, in the county of Fulton, by which the said Ephraim Sawtell was killed. The depositions of defendant's officers and servants indicate that Sheridan, defendant's agent, who was guilty of the gross negligence producing the accident, fled the state soon after the killing, and remains beyond its limits in parts unknown, so that no prosecution can be made effectual against him under existing circumstances.

By amendment, plaintiff alleged, in substance, as follows :

She did not know at or before the commencement of the action, which one of the defendant's agents was to blame, and only learned it from its officers and agents, whose testimony has been brought into court. She is a widow, advanced in years, lives out of the state, and had not the means, opportunity or friends, to ferret out which one of defendant's many agents and employees was specially guilty of the negligence which caused the accident. There were many agents and employees on the two colliding trains, and it was impossible for petitioner to learn which one was specially negligent, or what degree of negligence any one of them was guilty of, until defendant's evidence was brought into court.

To this declaration the defendant demurred, because it appeared that the damage complained of was done in the county of Fulton, and it did not appear that the principal office of defendant was in the county of Whitfield.

The demurrer was overruled, and defendant excepted *pendente lite.*

The evidence disclosed the grossest negligence in the engineer of the passenger train, which ran into that upon which Sawtell was, known as the goober train. It failed

to disclose any step taken towards his prosecution on the criminal side of the court. The facts alleged in the declaration as reasons for the failure to prosecute, did not appear in the evidence, except that plaintiff was a non-resident widow, and about fifty-eight years of age. It was shown that deceased left property to the amount of $1,500.00 or $1,700.00.

At the close of the plaintiff's evidence, the defendant moved for a non-suit, because neither prosecution nor excuse for failure to prosecute, was shown.

The motion was overruled and defendant excepted.

The jury found for the plaintiff $1,500.00. The defendant moved for a new trial upon the following, among other grounds:

1. Because the verdict was contrary to the following charge: " The allegations in plaintiff's declaration charge, *prima facie*, the commission of a felony, and such being so, it is incumbent upon plaintiff to show by proof that a prosecution has been commenced by her, at least against the person by whose fault the injury occurred, or allege and show, by proof, a good reason for her failure so to prosecute. It matters not that defendant has injured the plaintiff, before she can recover for the injury alleged in her declaration, she must show that she has instituted a prosecution to punish the wrong-doer. It is no answer to this to say that the defendant could have prosecuted the wrong-doer. The law requires the plaintiff to prosecute the person in fault, herself, and if she fails so to do, the defendant can take advantage of her failure. An allegation in the declaration of even a good excuse for failure to prosecute, is not sufficient. The allegation being essential, it must be supported by proof. If she alleges that the person at fault has fled from the state, she must prove this fact. If she alleges that she did not know, and could not find out, who was the person in fault, she must show by proof that she has tried to discover the wrong-doer, and after using reasonable efforts, has failed to discover him. The fact alleged that she is a

widow, and lives in Tennessee, will not be sufficient, but she must go further and show that she has made a reasonable attempt to find out."

2. Because the court erred in refusing to charge as follows : " The simple fact that the person at fault has left the state is not a good reason for failure to prosecute. The reason given must show, that even with a prosecution instituted, the person at fault could not have been reached, and the proof of plaintiff must establish the truth of the excuse."

3. Because the court erred in overruling the motion for a non-suit, based upon the failure of the plaintiff to show either a prosecution or a valid excuse for the failure to prosecute.

4. Because the court erred in overruling the demurrer to the declaration as above stated.

5. Because the court erred in refusing to charge, that if the jury found from the evidence that the chief place of business of defendant was in Fulton county, and that the accident occurred in such county, from which the injury resulted, then they should find for the defendant.

The court sustained the motion on the 1st, 2d and 3d grounds. To this plaintiff excepted.

SHUMATE & WILLIAMSON ; W. K. MOORE, for plaintiff in error, cited as follows : On jurisdiction of Whitfield supe·rior court, Code of 1868, §§3329, 798. On necessity of prosecution, Code, §§2970, 4304 ; 1 Gray, 83 ; Hilliard on Torts, 64, 65. Allegations do not show felony, 15 *Ga.*, 349 ; Code, §§4310, 4320, 4329 ; 54 *Ga.*, 503 ; 57 *Ib.*, 357 ; Code, §2970. On contract in free pass that defendant should not be liable for injury, 50 *Ga.*, 465 ; 17 Wal., 375.

JOHNSON & MCCAMY, for defendant, argued as follows : If conduct of defendant's agent was criminal, then prosecution was necessary ; if not criminal, then defendant is protected by contract in free pass, 2 Redfield on R., 226, 232 ; 25 N. Y., 442 ; 26 Barb., 641 ; 50 *Ga.*, 465 ; 49 N. Y., 263 ; Wharton on Neg., §591 ; Code, §2068 ; 19 *Ga.*, 203 ; 28 *Ib.*,

543 ; 34 *Ib.*, 315 ; 36 *Ib.*, 135 ; 39 *Ib.*, 617 ; Reporter (April 25, 1877,) Arnold *vs.* R. R. Co.; Code, §§2970, 3248, 4304 ; 54 *Ga.*, 503 ; 57 *Ib.*, 358 ; 55 *Ib.*, 200 ; Bish. Crim. Law, §§609, 692, 696 ; 39 *Ga.*, 85.

BLECKLEY, Justice.

1. The court certainly did not abuse its discretion in granting a new trial. The view which we take of the plaintiff's obligations to the public in reference to instituting a prosecution or going as far as practicable in that direction, are stated in the first head-note. That the guilty party has fled from justice is no obstacle to commencing a prosecution, and if duly commenced, the state would take care that it was carried on as soon as practicable. For some sufficient reason, it is the policy of the statute not to allow the injured party, in a case of felonious homicide, to become absorbed in his or her own private concern for redress, and take no active part in putting the public justice of the country in motion against the offender. Special cases may furnish a good excuse for departure from this general rule, but the excuse must be alleged, and to allege it without proving it would be idle. Moreover, it must be a good, and rational excuse, one that a fair and candid mind could accept. No strained, or fanciful excuse should be accepted. Mere hardship is not enough, for the law lays the obligation as a burden upon the party, with a view to constrain a prosecution, as a condition to obtaining private redress. The action for homicide is statutory, and is given on terms. The terms must be complied with. Either a prosecution or an excuse must be alleged and proved. The law wants the passions and interests of those who suffer by felonies to become enlisted in behalf of the public, so that great offenders may be punished. The private injury is not merged in the felony as it was formerly, but the two are so coupled together, that the private action is not to be fruitful without a public prosecution, if by any reasonable diligence the commencement of a prosecution be practicable. Section 2970 of the Code

reads thus : "If the injury amounts to a felony, as defined by this Code, the person injured must either simultaneously, or concurrently, or previously, prosecute for the same, or allege a good excuse for the failure so to prosecute." It may be that by force of the word " concurrently," a prosecution commenced pending the action, would suffice, if alleged by way of amendment to the declaration, and proved on the trial. But the facts of the present case do not call for a decision of this question.

2. As we construe the act of 1870, under which the Western & Atlantic Railroad was leased, and the lessees incorporated, the corporation is made subject to suit in any county in which the road is located. It seems to make no difference that the cause of action accrued from a tort committed in another county than that in which the suit is brought, and that a part of the line of road is in such other county.

Judgment affirmed.