## LeCROIX *v.* WESTERN & ATLANTIC RAILROAD CO.

The act approved November 12, 1889 (Acts 1889, p. 362), for the lease of the Western & Atlantic Railroad, providing that suits may be brought "in any county through which the road runs," does not give the plaintiff the right to elect in which county suits may be brought.    Actions against said company are governed by the provisions of the Civil Code, § 2334 ; and where the injury occurred in Fulton county, a suit therefor could not be brought in Cobb county.

Submitted May 6, — Decided May 30, 1903.

Case.    · Before Judge Gober.    Cobb superior court.    January 10, 1903.

`E. P. Green* and *N. A. Morris*, for plaintiff.
*Payne & Tye* and *Clay & Blair*, for defendant.

LAMAR, J.    At the time of the adoption of the act for the lease of the Western & Atlantic Railroad (Acts 1889, p. 362), it was not known whether the lessee would be a domestic or foreign corporation, or where the home office of the lessee company would be.    In the interest of the public, it was provided that suits might be brought "in any county through which the road runs, . . for any cause of action . . to which it might become liable."    This was not an absolute privilege on the part of a plaintiff to sue in any county, regardless of the general rule requiring these suits to be brought in the county where the cause of action arose.    It was not intended to change the law contained in the Civil Code, §§ 2334, 1900, or to take that road out of the provisions of any statute on the subject of venue then or thereafter of force ; but rather to preserve existing provisions and the right of the State to legislate in the future. The provisions of the lease act as to *where* suits should be brought

did not modify the rule as to *when* they should be brought in one or another of such counties. In *Sawtell* v. *W. & A. R. Co.*, 61 *Ga.* 567, the suit was under a former lease act and the constitution of 1868. That ruling could not be followed under the present lease act and the constitution of 1877, in view of the provisions of the Civil Code, § 5732, as to special acts changing a general law. Even if it had been valid when enacted, it would have been repealed by the provisions of the act of 1892 (p. 59), Civil Code, § 2334. It follows that the plaintiff could not, in 1902, sue in Cobb county for a cause of action arising in Fulton county.

*Judgment affirmed. By five Justices.*